UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sharon Halverson,                             Civil No. 08-784 (JNE/SRN)

      Plaintiff,

v.                                            **REPORT AND RECOMMENDATION**

Michael J. Astrue,
Commissioner of Social Security,

      Defendant.

---

    Lionel H. Peabody, Peabody Law Office, P.O. Box 10, Duluth, Minnesota 55801, on behalf of Plaintiff.

    Lonnie F. Bryan, Esq., Office of the United States Attorney, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    The above-entitled matter is before the undersigned United States Magistrate Judge on Plaintiff's Application for Attorney's Fees [Doc. No. 31] in the amount of $6,743.55, pursuant to the Equal Access to Justice Act (EAJA), the relevant text of which is codified at 28 U.S.C. § 2412(d). This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the Application be granted.

**I.   FACTS AND PROCEDURAL HISTORY**

    Plaintiff originally applied for social security disability benefits on June 25, 2004. Plaintiff's application was denied both initially and on reconsideration. A hearing before an

1

Administrative Law Judge (ALJ) was held on August 18, 2006.  The ALJ issued an unfavorable decision on October 19, 2006 and the Appeals Council declined review.

Seeking judicial review of the final decision of the Commissioner, Plaintiff filed the instant action on March 18, 2008.  Plaintiff filed a motion for summary judgment on August 1, 2008 and Defendant filed its motion for summary judgment on September 24, 2008.

After considering the parties' arguments, on January 6, 2009, this Court issued a Report and Recommendation recommending the case be remanded to the Commissioner.  Specifically, the Court determined that the ALJ erred by:  (1) improperly analyzing the opinion evidence of Ms. Heimsness, Ms. Opstad, Ms. Isaac, and Dr. Wagner; (2) improperly assessing Plaintiff's credibility; (3) failing to discuss the psychological origins of Plaintiff's pain; and (4) propounding a faulty hypothetical as a result of these errors.  While the Court recommended remanding the case, the Court rejected Plaintiff's request for an outright award of benefits.

The Government did not object to the Court's Report and Recommendation [Doc. No. 24].  On January 27, 2009, United States District Court Judge Joan N. Ericksen adopted the Report and Recommendation and remanded the case to the Commissioner for further proceedings.

Pursuant to the Equal Access to Justice Act (EAJA), Plaintiff filed this petition for attorney's fees and expenses on March 23, 2009.  The petition seeks compensation for 40.87 hours expended by Plaintiff's counsel in the prosecution of this case, at a rate of $165.00 per hour.  These fees total $6,743.55.  Plaintiff also seeks compensation for an additional one point five (1.5) hours spent preparing Plaintiff's reply brief on the fee petition for a cumulative total of $6,991.05.

## II. DISCUSSION

### A. Legal Framework of the EAJA.

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B). Attorney's fees requested under this section may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." Id. § 2412(d)(2)(A).

A plaintiff bears the initial burden to establish that she was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam); Moala v. Astrue, No. 06-1531, 2008 WL 508501, *2 (D. Minn. Feb. 21, 2008). The Government incorrectly suggests that Plaintiff "must demonstrate more than she prevailed in the underlying action. She must also

3

demonstrate that the defense was unreasonable, not substantially justified, and the requested fees are not excessive." (Def.'s Response to Pl.'s Mot. for Attorney's Fees and Costs Under the EAJA at 1, hereinafter "Def.'s Response"). However, once a plaintiff establishes that he or she was a prevailing party, it is the government's burden to prove that it was substantially justified in asserting its position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008). "Substantially justified" means justified to a degree that could satisfy a reasonable person. Id. at 683. The Commissioner must show that his "position was substantially justified at both the administrative and litigation levels." Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988) (citing 28 U.S.C. § 2412(d)(2)(D)). A "substantially justified" position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Bah, 548 F.3d at 683-84 (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)); Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991).

Because the substantial evidence and substantial justification standards are different, the Commissioner's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

Welter, 941 F.2d at 676. "Because the standards are neither semantic nor legal equivalents, the Secretary can lose on the merits of the disability question and win on the application for attorney's fees." Id. (citation omitted).

### B. The Plaintiff's Failure to Obtain Benefits Outright Does Not Mean the Government's Position Was Substantially Justified.

The Government does not challenge that Plaintiff was the prevailing party in this action. Rather, the Government contends that its position was substantially justified because the fact that the Court remanded (and did not reverse) this matter suggests that the government's position was reasonable. (Def.'s Response at 4). Plaintiff is correct that, taken to its logical conclusion, the Government's argument would result in a plaintiff never obtaining fees in a case that was remanded. However, both the Supreme Court and the Eighth Circuit have held that a plaintiff can seek fees under the EAJA after a case has been remanded. Schalala v. Schaefer, 509 U.S. 292, 300, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993); Pottsmith v. Barnhart, 306 F.3d 526, 529 (8th Cir. 2002). The fact that Judge Ericksen remanded this case instead of awarding Plaintiff benefits outright does not preclude Plaintiff from obtaining fees under the EAJA.

### C. The Government's Success on One Argument Does Not Indicate Its Overall Position Was Substantially Justified.

The Government also suggests that the "Commissioner was substantially justified in defending this case, because the Court agreed with the Commissioner on at least one point, that the ALJ was not required to obtain a medical expert opinion on whether Plaintiff met or equaled a listed impairment." (Def.'s Response at 3). However the test is not whether any of the Government's arguments were substantially justified, but whether the totality of the Government's arguments were substnatially justified.

In Hensley v. Eckerhart, 461 U.S. 424, 434-35, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), the Supreme Court addressed the propriety of reducing a plaintiff's fee award under the Civil Rights Attorney's Fees Awards Act. The Court held that a "fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants

in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." Id. at 435. The Supreme Court followed this same reasoning in a later case decided under the EAJA. Commissioner, INS v. Jean, 496 U.S. 154, 161, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). The Court concluded that in deciding whether to award fees, a court should consider the totality of the parties arguments and positions in the litigation, and "absent unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action." Id. "While the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." Id. at 161-62.

Based on these cases, various courts have held that even where the government was successful arguing against some of the plaintiff's arguments, the government's position may not be substantially justified if the government's position was unreasonable as to the issue which required a remand of the decision to deny benefits or if its position was not substantially justified in the totality of the circumstances. See e.g. Hackett v. Barnhart, 475 F.3d 1166, 1174 n. 1 (10th Cir. 2007); Woods v. Barnhart, No. 06-1619, 2008 WL 2782735, *3 (D. Colo. July 8, 2008); Wait v. Astrue, 495 F. Supp. 2d 1131, 1133 (D. Kan. 2007); Loomis v. United States, 74 Fed. Cl. 350 (Ct. Fed. Cl. 2006).

While it is true that the Plaintiff did not succeed on each of her arguments, this fact alone does not mean the Government's position was substantially justified. Rather, this Court must consider if the Government's position was justified on the issue for which the case was remanded and in the totality of the circumstances.

6

### D. The Government's Position on the Issue that Was Remanded Was Not Substantially Justified.

The Commissioner's final decision failed to follow well-established social security rulings, regulations, and case law. The ALJ failed to properly consider the opinions of four separate individuals and ignored SSR 06-03p regarding the weight of non-medical sources. The ALJ also made multiple errors in assessing Plaintiff's credibility. The Court concludes that the Government has not met its burden to demonstrate its position was substantially justified in light of the numerous and substantial errors in the ALJ's opinion. The Court finds there was no reasonable basis in law and fact for the Commissioner's position that the ALJ properly analyzed the record. Therefore, the Government's position was not substantially justified and Plaintiff should be awarded fees and costs under the EAJA.

### E. Plaintiff's Requested Fees Are Not Excessive

The Court also rejects the Government's argument that Plaintiff's requested EAJA fee award is excessive. Plaintiff's counsel spent forty point eight-seven (40.87) hours representing Plaintiff in federal court. Plaintiff's briefs in this matter totaled forty-two (42) pages and covered a number of interrelated issues. Under the circumstances of this case, the Court cannot say that Plaintiff's fee request is excessive or unreasonable. The Court further finds that the $165 per hour rate is reasonable in light of the increase in the cost of living since the enactment of the $125.00 statutory rate guideline set in 1996. In conclusion, this Court recommends that Plaintiff's attorney be awarded $6,743.55 in fees under the EAJA.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Petition for Attorney's Fees [Doc. No. 27] be **GRANTED**, and that Plaintiff's counsel be awarded $6,743.55 in for fees under EAJA.

Dated: July 10, 2009

                                              s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **July 27, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.